**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES ALLEN CLARK,<br><br>                Plaintiff,<br><br>vs.<br><br>CIRCUS CIRCUS HOTEL & CASINO, et al.,<br><br>                Defendants. | Case No. 2:08-cv-00903-JCM-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court on Plaintiff James Clark's failure to comply with this court's Order (Dkt. #6) and Order to Show Cause (Dkt. #8).

On February 23, 2009, the court entered an order requiring Plaintiff to file a Certificate of Interested Parties in compliance with Local Rule 7.1-1 on or before March 6, 2009. The order warned Plaintiff that his failure to comply "may result in the issuance of an order to show cause why sanctions, including a recommendation to the District Judge that this case be dismissed, should not be issued." Id. Plaintiff failed to file his Certificate of Interested Parties and did not request an extension of time in which to comply with the court's Order (Dkt. #6).

On March 23, 2009, the court entered an Order to Show Cause (Dkt. #8) based on Plaintiff's failure to comply with the court's previous Order (Dkt. #6). The court directed Plaintiff to show cause in writing no later than April 6, 2009 why he had not complied with the court's Order (Dkt. #6). The Order to Show Cause (Dkt. #8) advised Plaintiff that "[f]ailing to comply with the Local Rules of Practice, the Federal Rules of Civil Procedure, and the court's orders may result in sanctions, up to and including case-dispositive sanctions." Plaintiff has failed to file a response to the Order to Show Cause (Dkt. #8), and he has not requested an extension of time in which to do so. Plaintiff's willful failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's

ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. The Certificate of Interested Parties is required for the court to assess whether a conflict of interest exists which requires the assigned judge(s) to disqualify himself or herself. Sanctions less drastic than dismissal are unavailable because Plaintiff has wilfully refused to comply with multiple court Orders and the Local Rules of Practice.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** unless Plaintiff files the Certificate of Interested Parties no later than **April 27, 2009.**

Dated this 15th day of April, 2009.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within ten (10) days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.